### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF TEXAS
### TEXARKANA DIVISION

| | |
|---|---|
| **AVENUE INNOVATIONS INC.,**<br><br>               **Plaintiff,**<br><br>    **v.**<br><br>**TELEBRANDS CORPORATION,**<br><br>               **Defendant.** | **No. 5:15-cv-174**<br><br>**JURY TRIAL DEMANDED** |

### ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Avenue Innovations Inc. ("Avenue Innovations") files its Original Complaint for Patent Infringement against Defendant Telebrands Corporation ("Telebrands") under 35 U.S.C. §§ 271(a) and (b).  Avenue Innovations alleges, based on its personal knowledge of its own actions and based upon information and belief as to Telebrands' actions, as follows.

### NATURE OF THE ACTION

1.  This action arises under the patent laws of the United States, 35 U.S.C. § 100, *et seq*., for infringement of one or more claims of U.S. Patent No. 6,340,189 ("the '189 patent"), issued on January 22, 2002, to William Pordy, titled "Universal Device for Facilitating Movement Into And Out Of A Seat."  *See* Exhibit A.

### THE PARTIES

2.  Plaintiff Avenue Innovations is a Canadian company organized and existing under the laws of Canada with a principal office at #6, 7816 East Saanich Road, Saanichton, BC V8M2B3 Canada.

3.  On information and belief, Defendant Telebrands is a New Jersey corporation with a principal place of business at 79 Two Bridges Road, Fairfield, New Jersey 07004.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Defendant Telebrands; Telebrands is subject to the general jurisdiction of this Court because Telebrands has regular and systematic contacts in this District and the State of Texas such that the exercise of jurisdiction over it does not offend traditional notions of fair play and substantial justice. Telebrands regularly conducts business in this District and the State of Texas in the form of marketing, advertising, shipping, and sales of its products through television and internet advertisements targeted at residents of this District and the State of Texas, and it has committed acts of direct and induced patent infringement in this District, the State of Texas, and throughout the U.S. according to the claims of this complaint.

6. Venue is proper in this District under 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b) because, among other reasons, Telebrands is subject to personal jurisdiction in this District, it regularly conducts business in this District in the form of marketing, advertising, shipping, and sales through television and internet advertisements targeted at residents of this District and the State of Texas, and certain of the acts of patent infringement listed in this complaint occurred in this District and in the State of Texas.

## FACTUAL BACKGROUND

7. The '189 patent was duly and legally assigned to Avenue Innovations on January 8, 2003, with all substantial rights to the '189 patent, including the rights to sue for and recover all past, present, and future damages for infringement.

8. On or about August 2003, Avenue Innovations began selling its commercial embodiment of the '189 patent as the "Handybar®" at the National Hardware Show in Chicago, Illinois, where it was named a "Retailers Choice" New Product. The Handybar® is used for assisting with ingress and egress into and out of vehicles. Attached at Exhibit B are images of Avenue Innovations' Handybar® product.

9. The Handybar® is marked with the '189 patent number and satisfies the requirements of 35 U.S. Code § 287.

10. On information and belief, since 1987 Telebrands has been one of the nation's largest and leading telemarketing companies engaging in substantial catalogue, retail, online, and television sales in this District and throughout the State of Texas and the U.S. under its "AS SEEN ON TV" logo.

11. Telebrands' business strategy to usurp others' intellectual property rights has been prevalent for years.  It waits for an entrepreneur to develop a new product, invest millions of dollars in research and development, product refinements, and related media spending to generate initial consumer awareness and create product demand.  Once an original product establishes market success, Telebrands develops a low-quality, cheaply-priced, knock-off product that is identical in design and function.  It then intentionally mimics the creative marketing campaign with the original product's look and feel, thereby converting the original product's identity, advertising campaign, brand, goodwill, consumer awareness, and ultimately the same market share.  This creates consumer confusion, resulting in consumers purchasing Telebrands' low quality products, leaving consumers frustrated, and causing irreparable damage to the original, successful product's brand and company.

12. Ajit Khubani is the Chief Executive Officer and founder of Telebrands, who has been nicknamed the "Knock-Off King" in the television infomercial industry.  *See* Exhibit C, Ronald Grover, *Infomercial King AJ Khubani And His Telebrands Empire Are Courting Inventors*, INVENTORS DIGEST, Feb. 2010, at 24.

13. In addition, Peter Bieler, the person responsible for successfully marketing the ThighMaster, stated: "I was more than familiar with A. J. Khubani.  He was a legend in his own time, a knock-off artist par excellence.  He had a reputation in the [infomercial] business as someone who'd kill your direct response campaign by selling his copies to the retailers, who'd sell them for half the price.  Your phones stopped ringing."  *See* Exhibit D, Bieler, Peter & Costas, Suzanne, THIS BUSINESS HAS LEGS 137 (1996).

14. Further, Remy Stern wrote: "Khubani's greatest distinction . . . is that in [the infomercial] industry where almost every new product is a rehash of a previous product and there are precious few true inventions, he has carved out a reputation as one of the most shameless copycats in the business . . . . Creating cheaper versions of other people's products has since become firmly embedded in Telebrands' business plan." *See* Exhibit E, Stern, Remy, BUT WAIT … THERE'S MORE! 90 (2009).

15. Telebrands is no stranger to litigation, including federal and state investigations and actions arising from Telebrands' unfair competition and consumer fraud.  Public records indicate that since 1983, Telebrands has been sued more than fifty (50) times for infringement of intellectual property rights.

16. In fact, on June 9, 2015, Tinnus Enterprises LLC and ZURU Ltd. sued Telebrands and two of Telebrands' business partners for patent infringement in Civil Action No. 6:15-cv-551-RWS-JDL in this Court.

17. Magistrate Judge Love in Civil Action No. 6:15-cv-551-RWS-JDL (Dkt. No. 66) recently recommended that a preliminary injunction be granted against Telebrands for its severe, irreparable, and willful infringement of the plaintiffs' patent to a "System And Method For Filling Containers With Fluids," U.S. Patent No. 9,051,066, covering plaintiffs' "Bunch O Balloons" product in that case.  *See* Exhibit F.

18. In December 2008, the U.S. Federal Trade Commission has compelled Telebrands to pay seven million dollars ($7,000,000) and enter into a stipulated judgment for its deceptive advertising related to another of Telebrands' products.  *See* http://www.ftc.gov/opa/2009/01/telebrands.shtm (last visited Oct. 29, 2015).

19. Telebrands has been sued for violating consumer protection laws, the latest being a suit by the New Jersey Attorney General and the New Jersey State Division of Consumer Affairs initiated in August 2014.  The damages the State of New Jersey seeks against Telebrands are sizable, including (but not limited to) $20,000 per violation of the New Jersey Consumer Fraud Act under N.J. Stat. § 56:8-13, which the state alleges are "numerous."

20. Additionally, on information and belief, as recently as 2000 and 1996 Telebrands has declared bankruptcy to escape its debts arising from at least two lawsuits, including one for patent infringement.

21. This lawsuit is, unfortunately (but perhaps not surprisingly), remarkably similar to the scores of lawsuits that have been filed against Telebrands repeatedly, by many legitimate businesses, year after year.

22. In this case, Telebrands has copied the functionality of Avenue Innovation's expensively-developed, refined, and patented Handybar® product with its infringing "CAR BAR" product. Attached at Exhibit G are images of Telebrands' infringing CAR BAR product.

23. Following its longstanding business practices, Telebrands' CAR BAR product directly competes with Avenue Innovations' Handybar® product and is a knock-off, lesser quality, and cheaper version of the Handybar®.

24. On information and belief, since about September 19, 2015, Telebrands has been manufacturing, importing, offering for sale, accepting orders for, and selling its infringing CAR BAR products in this District, the State of Texas, and throughout the U.S. through television advertisements and its website (http://www.buycarbar.com/) under its "AS SEEN ON TV" logo.

25. On information and belief, Telebrands has not yet begun fulfilling its customers' orders and delivering its infringing CAR BAR products. Telebrands' imminent delivery of these products will cause severe and irreparable harm to Avenue Innovations by interfering with its exclusive patent rights, confusing consumers, interfering with its market position, causing price erosion, harming its reputation, and causing loss of good will.

26. A preliminary injunction must be granted to prevent the severe and irreparable harm to Avenue Innovations' business that will unquestionably occur once Telebrands begins fulfilling its customers' orders and delivering its infringing CAR BAR products.

27. On information and belief, Telebrands has known of the '189 patent since at least October 9, 2015, when Avenue Innovations filed a patent infringement suit against E. Mishan & Sons Inc. in Civil Action No. 5:15-cv-166-RWS-CMC in this Court. Shortly thereafter, a

Telebrands lawyer contacted the undersigned counsel seeking a license to the '189 patent.

28. Civil Action No. 6:15-cv-551-RWS-JDL referred to in paragraphs 16 and 17 and No. 5:15-cv-166-RWS-CMC are both assigned to the same federal district judge: Hon. Robert W. Schroeder III.

## COUNT I
## PATENT INFRINGEMENT UNDER 35 U.S.C. § 271(a)

29. The facts and allegations as stated in paragraphs 1 to 28 are incorporated by reference.

30. Telebrands has directly infringed, literally or under the doctrine of equivalents, one or more claims of the '189 patent under 35 U.S.C. § 271(a) by making, having made, selling, offering for sale, or importing its CAR BAR product in this District, the State of Texas, and the U.S. without a license to the '189 patent.

31. Telebrands has known of the '189 patent since at least October 9, 2015, when Avenue Innovations filed a patent infringement suit against E. Mishan & Sons Inc. in Civil Action No. 5:15-cv-166-RWS-CMC in this Court.

32. Telebrands' direct infringement is willful.

33. Based on Telebrands' knowledge of the '189 patent, it has acted despite an objectively high likelihood that its actions constituted infringement of a valid patent, and it knew or should have known of that objectively high risk.

34. Avenue Innovations has been irreparably damaged as a result of Telebrands' willful direct infringement leading to Avenue Innovations' lost sales, price erosion, loss of goodwill and market share, and damage to its reputation.

35. Avenue Innovations is entitled to treble damages under 35 U.S.C. § 284 due to Telebrands' willful direct infringement.

## COUNT II
## PATENT INFRINGEMENT UNDER 35 U.S.C. § 271(b)

36. The facts and allegations as stated in paragraphs 1 to 35 are incorporated by reference.

37. Telebrands has induced infringement and continues to induce infringement of the '189 patent under 35 U.S.C. § 271(b).

38. Telebrands has known of the '189 patent since at least October 9, 2015, when Avenue Innovations filed a patent infringement suit against E. Mishan & Sons Inc. in Civil Action No. 5:15-cv-166-RWS-CMC in this Court.

39. Telebrands has contracted with at least its television advertisers and website service provider to sell its CAR BAR product knowing that its product directly infringes, literally or under the doctrine of equivalents, one or more claims of the '189 patent.

40. Telebrands knew and specifically intended that its television advertisers and website service provider would directly infringe the '189 patent by selling and offering for sale its CAR BAR product.

41. Telebrands' induced infringement is willful.

42. Based on Telebrands' knowledge of the '189 patent, Telebrands has acted despite an objectively high likelihood that its actions constituted infringement of a valid patent, and it knew or should have known of that objectively high risk.

43. Avenue Innovations has been irreparably damaged as a result of Telebrands' willful induced infringement leading to Avenue Innovations' lost sales, price erosion, loss of goodwill and market share, and damage to its reputation.

44. Avenue Innovations is entitled to treble damages due to Telebrands' willful induced infringement under 35 U.S.C. § 284.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Avenue Innovations respectfully requests that this Court enter judgment in its favor, against Defendant Telebrands, and grant the following relief:

  A. A preliminary injunction immediately ceasing Telebrands' infringing sales of its CAR BAR product.

  B. A judgment that Telebrands has infringed directly or under the doctrine of equivalents one or more claims of the '189 patent under 35 U.S.C. § 271(a);

  C. A judgment that Telebrands has induced infringement of one or more claims of the '189 patent under 35 U.S.C. § 271(b);

  D. A judgment that the '189 patent is not invalid;

  E. An order requiring Telebrands to account for all past, present, and future infringing sales and for periodic accountings of its future sales throughout the life of the '189 patent;

  F. A judgment awarding damages, including Avenue Innovations' damages for lost sales, price erosion, loss of goodwill and market share, and damage to its reputation, or at least a reasonable royalty under 35 U.S.C. § 284, including prejudgment and post-judgment interest, costs, and supplemental damages for any continuing post-verdict infringement through the entry of a final judgment;

  G. A judgment that Telebrands has willfully infringed the '189 patent and awarding treble damages under 35 U.S.C. § 284;

  H. A permanent injunction preventing Telebrands and its officers, directors, agents, servants, employees, attorneys, licensees, successors, assigns, and those in active concert or participation with any of them from directly infringing or inducing infringement of the '189 patent;

  I. A judgment that this is an exceptional case under 35 U.S.C. § 285 and awarding Avenue Innovations its reasonable attorneys' fees and costs;

  J. A judgment awarding Avenue Innovation's costs under 28 U.S.C. § 1920; and

  K. Such other actual and equitable relief to which Avenue Innovations is entitled or this Court deems just and proper.

-9-

**JURY TRIAL DEMANDED**

Plaintiff Avenue Innovations demands a trial by jury on all claims and issues so triable.

Dated: October 29, 2015                     Respectfully submitted,

                                                                                                             _____
                                                      Peter J. Corcoran, III – Lead Attorney
                                                      Texas State Bar No. 24080038
                                                      **CORCORAN IP LAW, PLLC**
                                                      2019 Richmond Road, Suite 380
                                                      Texarkana, Texas 75503
                                                      Tel: (903) 701-2481
                                                      Fax: (844) 362-3291
                                                      Email: peter@corcoranip.com

                                                      Edward W. Goldstein
                                                      Texas State Bar No. 08099500
                                                      **Goldstein Law, PLLC**
                                                      710 N. Post Oak, Suite 350
                                                      Houston, Texas 77024
                                                      Phone: (713) 877-1515
                                                      Fax: (713) 877-1737
                                                      Email: egoldstein@gliplaw.com

                                                      *Counsel for Plaintiff*
                                                      *Avenue Innovations Inc.*