## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## TEXARKANA DIVISION

AVENUE INNOVATIONS INC.,

      Plaintiff,

        v.

TELEBRANDS CORPORATION,

      Defendant.

Case No.
5:15-CV-00174-RWS


ORAL ARGUMENT REQUESTED


**DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(B)(6)**
**AND MOTION TO STRIKE PURSUANT TO FED.R.CIV.P. 12(F)**

# **TABLE OF CONTENTS**

I.  INTRODUCTION ................................................................................................. 1

II.  FACTUAL BACKGROUND ................................................................................ 2

III.  AVENUE'S COMPLAINT SHOULD BE DISMISSED BECAUSE IT FAILS TO STATE A CLAIM FOR DIRECT AND INDUCED PATENT INFRINGEMENT AND DOES NOT PROVIDE ANY FACTS TO SUPPORT CLAIMS OF WILLFUL PATENT INFRINGEMENT ................................................................................................ 3

    A.  Avenue's Allegations Fail To Plausibly State A Claim For Direct Patent Infringement  4

    B.  Avenue's Allegations Of Induced Infringement Are Deficient Because They Fail To Identify A Direct Infringer And The Requisite Intent Or Knowledge ....................................... 7

        1)  The Complaint Does Not Allege Direct Infringement By A Third Party ................... 8

        2)  Avenue's Complaint Does Not Allege The Requisite Intent For Pleading Induced Infringement ................................................................................................... 9

        3)  Avenue's Complaint Does Not Allege The Requisite Knowledge ........................... 10

    C.  Avenue Does Not Adequately Plead Willful Infringement ........................................ 12

IV.  CERTAIN PARAGRAPHS OF THE COMPLAINT SHOULD BE STRICKEN FOR RECITING IMPERTINENT, IMMATERIAL AND SCANDALOUS MATTER, PURSUANT TO RULE 12(F), FED. R. CIV. P. ......................................................................... 14

V.  CONCLUSION ................................................................................................... 19

## TABLE OF AUTHORITIES

**Cases**

*Aeritas, LLC v. Alaska Air Group, Inc.,*
  893 F.Supp.2d 680 (D.Del. 2012)...................................................................... 14

*Anderson v. Davis Polk & Wardell LLP,*
  850 F. Supp. 2d 392 (S.D.N.Y. 2012) ................................................................ 17

*Ashcroft v. Iqbal,*
  556 U.S. 662, 663 (2009)................................................................................... 3

*Automated Transactions, LLC v. First Niagara Fin. Group,*
  No. 10-CV-407, 2010 WL 5819060 (W.D.N.Y. Aug. 31, 2010). .......................... 11

*Bell Atlantic v. Twombly,*
  550 U.S. 544, 545 (2007).................................................................................. 3

*Bonutti Skeletal Innovations, LLC v. Globus Medical, Inc.,*
  No. 14-6650, 2015 WL 3755223 (E.D. Pa. June 15, 2015)................................. 11

*Commil USA, LLC v. Cisco Systems, Inc.,*
  135 S.Ct. 1920 (2015).................................................................................. 9, 11

*Conklin v. Anthou,*
  No. 1:10-cv-02501, 2011 WL 1303299 (M.D. Pa. Apr. 5, 2011)........................... 17

*Disability Rights New Jersey, Inc. v. Velez,*
  No. 10-3950 (DRD), 2011 WL 4436550 (D.N.J. Sept. 23, 2011).......................... 16

*DSU Med. Corp. v. JMS Co.,*
  471 F.3d 1293 (Fed. Cir. 2006) (*en banc*) .................................................. 7, 9, 10

*Duhn Oil Tool, Inc. v. Cooper Cameron Corp.,*
  609 F.Supp.2d 1090  (E.D. Cal. 2009)................................................................ 14

*Global-Tech Appliances, Inc. v. SEB S.A.,*
  131 S.Ct. 2060 (2011)..................................................................................... 8

*In re Seagate, LLC,*
  497 F.3d 1360 (Fed. Cir. 2007)..................................................................... 12, 14

*Joy Techs., Inc. v. Flakt, Inc.,*
  6 F.3d 770 (Fed. Cir. 1993)............................................................................. 7

*Kyocera Wireless Corp. v. Int'l Trade Comm'n,*
    545 F.3d 1340 (Fed. Cir. 2008)................................................................. 10
*MONEC Holding AG v. Motorola Mobility, Inc.,*
    897 F.Supp.2d 225 (D. Del. 2012)..................................................... 12, 13

*Radasci v. The Borough of Brentwood,*
    No. 07-00483, 2007 WL 2463397 (W.D. Pa. Aug. 28, 2007)................. 17

*Realtime Data, LLC v. Stanley,*
    721 F.Supp.2d 538 (E.D. Tex. 2010).................................................... 9

*Tierra Intelectual Borinquen, Inc. v. ASUS Computer Int'l, Inc.,*
    No. 13-cv-38-JRG, 2014 WL 894805 (E.D. Tex. Mar. 4, 2014)............. 10

*Tinnus Enterprises, LLC, et al. v. Telebrands Corp., et al.,*
    No. 6:15-cv-0551-RWS-JDL (E.D.Tex.)................................................. 18

*U.S. Ethernet Innov., LLC v. Cirrus Logic, Inc.,*
    No. 6:12-cv-366-MHS-JDL, 2013 WL 8482270 (E.D. Tex. Mar. 6, 2013)...... 12, 13


**Statutes**
35 U.S.C §271(b) ............................................................................................. 7


**Rules**
Fed. R. Civ. P. 12(f)............................................................... 1, 14, 16, 19

Fed. R. Evid. 402 .......................................................................................... 19

Fed. R. Evid. 403 .......................................................................................... 19

Defendant, Telebrands Corp. ("Telebrands"), hereby moves to dismiss Plaintiff Avenue Innovation Inc.'s ("Avenue") claims for direct and induced infringement and willful infringement of the Complaint pursuant to Rule 12(b)(6), Fed. R. Civ. P., for failure to state a claim upon which relief may be granted.  Telebrands also moves to strike paragraphs 11-20 from the Complaint pursuant to Rule 12(f), Fed. R. Civ. P., for containing impertinent, immaterial and scandalous matter.

## I.    INTRODUCTION

On October 29, 2015, Avenue filed this Action against Telebrands, claiming Telebrands directly, indirectly, and willfully infringed its patent, U.S. Patent No. 6,340,189 ("the '189 Patent.").   The allegations in Avenue's Complaint demonstrate Avenue's lack of prefiling investigation and lack knowledge of infringement by Telebrands.  Each of the claims of the '189 Patent includes at least one functional limitation, yet Avenue did not physically examine the accused product prior to filing its Complaint.  Accordingly, Avenue has no basis to know if those factual limitations have been met.   Moreover, Avenue's claims for indirect and willful infringement are conclusory and factually insufficient to state a claim for relief.  Avenue's claim of induced infringement fails to plead any facts to allow for a reasonable inference that Telebrands (1) had knowledge that any third party was infringing the '189 Patent, and (2) had specific intent to induce third parties to infringe the '189 patent.  In addition, Avenue offers no facts to support its allegation of willful infringement.  Accordingly, Avenue's claims should be dismissed pursuant to 12(b)(6), Fed. R. Civ. P.  Additionally, many of the factual allegations purportedly supporting Avenue's infringement claims are not relevant to any claim asserted in this action, but rather were copied from Complaints before this Court and the District of New Jersey that are completely unrelated to this action.  These factual allegations are baseless and

simply serve to denigrate Telebrands and its CEO, Mr. Ajit Khubani, who has received many accolades and awards.  Accordingly, these allegations should be struck from the Complaint, pursuant to Rule 12(f), Fed. R. Civ. P.

## II.    FACTUAL BACKGROUND

Telebrands is a direct response marketing company located in New Jersey and engaged in the business of marketing and selling a wide variety of consumer products through direct response advertising, catalogues, mail order, and Internet sales, and through national retail stores. (Dkt. No. 1, ¶¶ 3, 10.)  For over twenty-five years, Telebrands has been a leading developer and marketer of consumer products.  (*Id.* at ¶ 10.)  In 2015, Telebrands undertook the steps to begin marketing and selling a product under the name CAR BAR, for use in assisting individuals in and out of their motor vehicles.  Telebrands advertised the CAR BAR product for about one week in or around the late Summer of 2015.  However, Telebrands discontinued its advertising and never shipped the CAR BAR product.  Telebrands does not market or sell the CAR BAR product now.

Avenue is a Canadian corporation that markets and sells a product under the name HANDYBAR.  (*Id.* at ¶ 8.)  Avenue has no present in this District.  The HANDYBAR product is purportedly covered by the '189 Patent.  (*Id.*)  On October 29, 2015, Avenue filed this action, alleging Telebrands' CAR BAR product infringed the '189 Patent.

As shown in the chart below, many of the allegations in Avenue's Complaint, were directly copied from unsubstantiated allegations set forth in a litigation before this Court that is completely unrelated to this action.

| Complaint (Dkt. No. 1) of this Action | *Tinnus Enterprises, LLC, et al. v. Telebrands Corp., et al.,* No. 6:15-cv-00551-RWS-JDL (E.D. Tex.) |
|---|---|
| ¶ 12 | Dkt. No 1 at ¶ 45 |

| ¶ 13 | Dkt. No. 1 at ¶ 46 |
| ¶ 14 | Dkt. No. 1 at ¶ 47 |
| ¶ 15 | Dkt. No. 1 at ¶ 44 |
| ¶ 19 | Dkt. No. 1 at ¶ 48 |
| ¶ 20 | Dkt. No. 9 at p. 10 |

### III.   AVENUE'S COMPLAINT SHOULD BE DISMISSED BECAUSE IT FAILS TO STATE A CLAIM FOR DIRECT AND INDUCED PATENT INFRINGEMENT AND DOES NOT PROVIDE ANY FACTS TO SUPPORT CLAIMS OF WILLFUL PATENT INFRINGEMENT

A complaint must include sufficient allegations "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly,* 550 U.S. 544, 545 (2007).   A complaint that fails to state a claim for relief may be dismissed. Fed.R.Civ.P. 12(b)(6).   When deciding a motion to dismiss under Fed.R.Civ.P. 12(b)(6), a court must take all factual allegations in the complaint as true, but "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal,* 556 U.S. 662, 663 (2009).

In order to survive a motion to dismiss, a plaintiff must plead enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555.   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.   "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*   Thus, the pleading standard "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action . . ." *Twombly*, 550 U.S. at 555.   The plaintiff's "[f]actual allegations must be enough to raise a right to relief beyond the speculative level." *Id.*   A complaint is subject to dismissal unless the alleged facts push a claim "across the line from conceivable to plausible." *Twombly,*

3

550 U.S. at 570.  Here, Avenue's Complaint should be dismissed pursuant to Rule 12(b)(6), Fed.

R. Civ. P. because the factual allegations in Avenue's Complaint do not allow this Court to draw

a reasonable inference that Telebrands is liable for direct, induced, or willful infringement.

**A.**    **Avenue's Allegations Fail To Plausibly State A Claim For Direct Patent Infringement**

In order for this Court to plausibly infer that Telebrands' CAR BAR product directly

infringes the '189 Patent, Avenue would have to have physically examined the CAR BAR

product to determine whether it is covered by one or more claims of the '189 Patent.  However,

Avenue's factual allegations conclusively demonstrate that it has not physically examined the

product accused of infringement—Telebrands' CAR BAR product.   Accordingly, Avenue's

claim of direct infringement should be dismissed.

Avenue's direct infringement allegations are set forth in the following paragraphs:

1.    This action arises under the patent laws of the United States, 35 U.S.C. §
100, *et seq*., for infringement of one or more claims of U.S. Patent No. 6,340,189
("the '189 patent"), issued on January 22, 2002, to William Pordy, titled
"Universal Device for Facilitating Movement Into And Out Of A Seat." *See*
Exhibit A.

\*\*\*

22.    In this case, Telebrands has copied the functionality of Avenue
Innovation's expensively-developed, refined, and patented Handybar® product
with its infringing "CAR BAR" product. Attached at Exhibit G are images of
Telebrands' infringing CAR BAR product.

\*\*\*

24.    On information and belief, since about September 19, 2015, Telebrands
has been manufacturing, importing, offering for sale, accepting orders for, and
selling its infringing CAR BAR products in this District, the State of Texas, and
throughout the U.S. through television advertisements and its website
(http://www.buycarbar.com/) under its "AS SEEN ON TV" logo.

25.    On information and belief, Telebrands has not yet begun fulfilling its
customers' orders and delivering its infringing CAR BAR products. Telebrands'

imminent delivery of these products will cause severe and irreparable harm to Avenue Innovations by interfering with its exclusive patent rights, confusing consumers, interfering with its market position, causing price erosion, harming its reputation, and causing loss of good will.

***

30.    Telebrands has directly infringed, literally or under the doctrine of equivalents, one or more claims of the '189 patent under 35 U.S.C. § 271(a) by making, having made, selling, offering for sale, or importing its CAR BAR product in this District, the State of Texas, and the U.S. without a license to the '189 patent.

(Dkt. No. 1, ¶¶ 1, 22, 24, 25, and 30; Exs. A & G.)  Avenue alleges that Telebrands' CAR BAR product directly infringes one or more claims of the '189 Patent.  (*Id.* at ¶ 30.)  However, Avenue's factual allegations do not allow this Court to plausibly infer that Avenue examined any more than an image of the CAR BAR product, e.g., Dkt. No. 1, Ex. G, prior to filing this action.  Indeed, Avenue admits that as of the date that this action was filed, "Telebrands had not yet begun fulfilling its customers' orders and delivering its infringing CAR BAR product."  (*Id.* at ¶ 25.)

Importantly, each of the claims in the '189 Patent require a physical examination of the actual CAR BAR product—not just an image—in order to determine whether the CAR BAR product infringes the '189 Patent.  The '189 Patent includes six (6) independent claims, i.e., claims 1-3 and 20-22.  (*Id.* at Ex. A, col. 13-16.)  As set forth below, each of these independent claims includes at least one limitation relating to the functionality of the claimed device:

| Claim No. | Functional Limitation(s) | Citation |
|:---:|---|---|
| 1 | Securement means . . . for providing support to the user independently of whether the user pulls on said handle in a direction generally upwards or pushes on said handle in a direction generally downwards | Dkt. No. 1, Ex. A at 13:50-58. |

| 2 | Securement means . . . for providing support to the user independently of whether the user pulls on said handle in a direction generally upwards or pushes on said handle in a direction generally downwards | *Id.* at 14:2-10. |
|---|---|---|
| 3 | Securement means . . . for providing support to the user independently of whether the user pulls on said handle in a direction generally upwards or pushes on said handle in a direction generally downwards | *Id.* at 14:24-33. |
| 20 | The other end of said elongate member for cooperating with [a generally U-shaped] striker when the [vehicle] door is open for securing said elongate member to the striker | *Id.* at 15:56 – 16:7. |
| 21[1] | Securement means . . . for providing support for the passenger to grip while entering or leaving said vehicle independently of whether the user pulls on said handle in a direction generally upwards or pushes on said handle in a direction generally downwards | *Id.* at 16:18-27. |
| 22 | Securement means . . . for providing support for the passenger to grip while entering or leaving said vehicle independently of whether the user pulls on said handle in a direction generally upwards or pushes on said handle in a direction generally downwards | *Id.* at 16:37-45. |

Avenue did not have the CAR BAR product prior to filing this action.   Therefore, it was impossible for Avenue to determine whether the CAR BAR product directly infringed one or more claims of the '189 Patent.   Accordingly, the factual allegations in Avenue's Complaint do not enable this Court to plausibly infer that Telebrands' CAR BAR product directly infringes one

---

[1]     Independent claim 21 additionally requires an "elongate member comprising telescoping tubes, and further comprising means for selectively fixing said telescoping tubes in desired relative positions to accommodate different passengers."   (Dkt. No. 1, Ex. A at 16:26-29.) Avenue cannot determine whether Telebrands' CAR BAR product includes this feature via an image of the product.

or more claims of the '189 Patent, and Avenue's direct infringement claim should be dismissed pursuant to Rule 12(b)(6), Fed. R. Civ. P.

### B. Avenue's Allegations Of Induced Infringement Are Deficient Because They Fail To Identify A Direct Infringer And The Requisite Intent Or Knowledge

Avenue's allegations in its Complaint fail to adequately state facts allowing for a reasonable inference of the requisite knowledge and specific intent to encourage another's direct infringement.  The entirety of Avenue's induced infringement allegations is set forth in the following paragraphs:

> 37.    Telebrands has induced infringement and continues to induce infringement of the '189 patent under 35 U.S.C. § 271(b).

> 38.    Telebrands has known of the '189 patent since at least October 9, 2015, when Avenue Innovations filed a patent infringement suit against E. Mishan & Sons Inc. in Civil Action No. 5:15-cv-166-RWS-CMC in this Court.

> 39.    Telebrands has contracted with at least its television advertisers and website service provider to sell its CAR BAR product knowing that its product directly infringes, literally or under the doctrine of equivalents, one or more claims of the '189 patent.

> 40.    Telebrands knew and specifically intended that its television advertisers and website service provider would directly infringe the '189 patent by selling and offering for sale its CAR BAR product.

(Dkt. No. 1, ¶¶ **37-40**).

In order to state a claim for inducement of infringement under 35 U.S.C §271(b), Avenue must allege facts showing the existence of direct infringement by a third-party.  *See Joy Techs., Inc. v. Flakt, Inc.*, 6 F.3d 770, 774 (Fed. Cir. 1993).  In addition, to plead a claim of induced infringement, Avenue must allege (1) Telebrands knowingly and actively aided and abetted the direct infringement by others; and (2) Telebrands possessed specific intent to encourage the infringement by others.  *DSU Med. Corp. v. JMS Co.,* 471 F.3d 1293, 1304 (Fed. Cir. 2006) (*en banc*).  Specific intent to encourage the infringement requires "evidence of culpable conduct . . .

not merely that the inducer had knowledge of the direct infringer's activities." *Id.* at 1306. Further, "the inducer must have an affirmative intent to cause direct infringement," not merely an intent "to cause the acts that produce direct infringement." *Id.; see also Global-Tech Appliances, Inc. v. SEB S.A.,* 131 S.Ct. 2060, 2068 (2011) ("[I]nduced infringement under §271(b) requires knowledge that the induced acts constitute patent infringement).

Avenue has failed to plead facts to support each of the above-referenced elements of an inducement claim.   The Complaint contains no facts sufficient to plausibly infer direct infringement by a third party.   Moreover, the Complaint does not properly plead specific intent to actively induce infringement of the patents-in-suit.   To the extent that Avenue relies on any knowledge as a predicate for "specific intent," the Complaint does not set forth any plausible claim that Telebrands *knew* that the CAR BAR product infringed the '189 Patent.   Accordingly, the Court should dismiss the induced infringement claim in its entirety.

### 1)   The Complaint Does Not Allege Direct Infringement By A Third Party

Avenue's Complaint is wholly insufficient with respect to factual allegations regarding direct infringement by a third party.   As discussed above, Avenue's Complaint does not enable this Court to plausibly infer direct infringement, because Avenue did not physically examine the accused CAR BAR product with respect to one or more claims in the '189 Patent.   Even if direct infringement is plausibly pled—it is not—the Complaint fails to identify any third party that is directly infringing the '189 Patent.   Paragraph 40 of the Complaint sets forth that "Telebrands has contracted with at least its television advertisers and website service provider to sell its CAR BAR product."   (Dkt. No. 1 at ¶ 40.)   However, Avenue does not identify who these "television advertisers" are or what they do.   When Telebrands advertises its products on television, Telebrands is the entity selling and offering the product for sale, not the television station.

8

Similarly, Avenue does not identify Telebrands' "website provider" or explain what a "website provider" is.  The only website identified in the Complaint is, www.buycarbar.com.  (Dkt. No. 1 at ¶ 24.)  Indeed, paragraph 24 sets forth that this website is Telebrands' website.  (*Id.*)  The Complaint does not identify any entity, other than Telebrands, selling or offering for sale the CAR BAR product on the Internet.  Because Avenue's Complaint fails to plausibly plead a direct infringement by a third party, Avenue's claim for induced infringement should be dismissed. *See Realtime Data, LLC v. Stanley*, 721 F.Supp.2d 538, 544 (E.D. Tex. 2010) (granting Defendant's motion to dismiss induced patent infringement because, *inter alia*, the plaintiff's complaint failed to identify "a direct infringer in reference to its indirect infringement claims.").

> 2) *Avenue's Complaint Does Not Allege The Requisite Intent For Pleading Induced Infringement*

In addition to failing to plead direct infringement by a third party, Avenue's Complaint fails to plausibly plead that Telebrands possessed the specific intent to encourage a third party's direct infringement.  *Commil USA, LLC v. Cisco Systems, Inc.*, 135 S.Ct. 1920 (2015) ("Section 271(b) requires that the defendant 'actively induce[d] infringement.'  That language requires intent to 'bring about the desired result.'" (quoting *Global-Tech*, 131 S.Ct. at 2065.))

Avenue does not plead any facts to allow for a reasonable inference of requisite intent to encourage direct infringement.  Instead, Avenue appears to allege that Telebrands is inducing infringement of product claims by "contract[ing] with at least its television advertisers and website service provider to sell its CAR BAR product."  (Dkt. No. 1 at ¶ 39.)  In other words, Avenue appears to plead that Telebrands is an alleged inducer of infringement of product claims simply by marketing, selling and/or offering for sale the allegedly infringing products.  These allegations fail because Avenue must allege "more than just an intent to cause the acts that produce direct infringement."  *DSU Medical Corp.*, 471 F.3d at 1306.  Indeed, "[p]roof of intent

to cause infringing acts is a necessary but not sufficient condition for induced infringement. Inducement additionally requires 'evidence of culpable conduct directed to encouraging another's infringement.'" *Kyocera Wireless Corp. v. Int'l Trade Comm'n*, 545 F.3d 1340, 1354 (Fed. Cir. 2008) (quoting *DSU Medical Corp.*, 471 F.3d at 1306). The "intent" must be a specific intent to cause others to infringe the patent – not a mere use of a service to offer for sale and sell products asserted to be allegedly infringing. *Id.* at 1353-54. Telebrands' use of television advertisers and a website provider to offer for sale and sell the CAR BAR product does not and cannot support any inference of a specific intent to encourage infringement or any "culpable conduct, directed to encouraging another's infringement." *DSU Medical Corp.*, 471 F.3d 1306. The television stations and website providers do not engage in acts of infringement any more than the New York Times infringes when it prints an advertisement for a product accused of infringement.

Accordingly, Avenue's Complaint does not plausibly support a claim that Telebrands specifically intended any third party to infringe the '189 Patent and should be dismissed. *See e.g., Tierra Intellectual Borinquen, Inc. v. ASUS Computer Int'l, Inc.*, No. 13-cv-38-JRG, 2014 WL 894805, at *7 (E.D. Tex. Mar. 4, 2014) (granting motion to dismiss inducement claim where allegations "[did] not support an inference of specific intent to induce infringement"); *U.S. Ethernet Innovations, LLC*, 2013 WL 8482270, at *4 (dismissing inducement claim where plaintiff "fails to ... allege any facts that ... [defendant] had the specific intent to induce its customers actions, and knowledge that those actions amounted to infringement").

### 3) *Avenue's Complaint Does Not Allege The Requisite Knowledge*

Avenue's claim of induced infringement should also be dismissed because it lacks the requisite allegation that Telebrands **knowingly** and actively aided and abetted the direct

infringement by others.  A complaint setting forth a claim of induced infringement must allege facts sufficient to support a plausible claim that Telebrands either (1) knew that the induced acts constituted patent infringement and took affirmative steps with the specific intent to induce another's infringement; or (2) subjectively believed that there was a high probability that the induced acts constituted patent infringement and took deliberate steps to avoid knowing that fact. *Global-Tech*, 131 S.Ct. at 2071-72.  Indeed, the Supreme Court in *Commil* recently acknowledged "*Global-Tech's* explicit holding that liability for induced infringement can only attach if the defendant knew of the patent and knew as well that 'the induced acts constitute patent infringement.'"  *Commil USA*, 135 S.Ct. at 1926.

Avenue's Complaint does not permit any reasonable inference that Telebrands knew that any alleged induced act constituted patent infringement.  Avenue's allegations relating to alleged "knowledge" to support its inducement claim are set forth in the following conclusory paragraphs:

> 27.    On information and belief, Telebrands has known of the '189 patent since at least October 9, 2015, when Avenue Innovations filed a patent infringement suit against E. Mishan & Sons Inc. in Civil Action No. 5:15-cv-166-RWS-CMC in this Court. Shortly thereafter, a Telebrands lawyer contacted the undersigned counsel seeking a license to the '189 patent.

> 38.    Telebrands has known of the '189 patent since at least October 9, 2015, when Avenue Innovations filed a patent infringement suit against E. Mishan & Sons Inc. in Civil Action No. 5:15-cv-166-RWS-CMC in this Court.

(Dkt. No. 1 at ¶¶ 27, 38.)  To the extent that Avenue is relying on Telebrands' knowledge of a lawsuit in an effort to prove the requisite knowledge that the induced acts constitute patent infringement or intent to encourage another's infringement, its reliance is misplaced.  There is no allegation that the accused product in the Mishan case is the same product at issue in this action. The allegations are devoid of facts that demonstrate Telebrands knew its CAR BAR product

11

infringed one or more claims of the '189 Patent.  *Bonutti Skeletal Innovations, LLC v. Globus Medical, Inc.*, No. 14-6650, 2015 WL 3755223, at *6 (E.D. Pa. June 15, 2015) ("Generally, a plaintiff adequately pleads that the defendant actually knew it was inducing acts that constitute infringement through specific allegations that the plaintiff: (a) alerted the defendant . . . to the fact that it was inducing a third party to infringe the plaintiff's patent, *and* (b) the plaintiff explained to the defendant *how* the induced acts constituted infringement." (emphasis in original)).  The allegation that "Telebrands' lawyer contacted the undersigned counsel seeking a license to the '189 Patent" does no more to demonstrate that Telebrands' had any knowledge that it's CAR BAR product infringed the '189 Patent.   Accordingly, Avenue's "knowledge" allegations are insufficient to state a plausible claim of induced infringement, and Avenue's claim for induced infringement should be dismissed.

### C.   Avenue Does Not Adequately Plead Willful Infringement

Avenue fails to adequately plead "willful infringement" of the '189 Patent by Telebrands under *Twombly* and *Iqbal*.    To prove a claim for willful infringement, a plaintiff must demonstrate infringement, along with the following elements by clear and convincing evidence: (1) "that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent"; and (2) that the "objectively-defined risk was . . . either known or so obvious that it should have been known to the accused infringer."  *In re Seagate, LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007).

"[A]t the pleading stage, a plaintiff alleging willful infringement should provide enough facts that, when taken as true, show objective recklessness of the infringement risk."  *U.S. Ethernet Innov., LLC v. Cirrus Logic, Inc.*, No. 6:12-cv-366-MHS-JDL, 2013 WL 8482270, at *5 (E.D. Tex. Mar. 6, 2013).  "The complaint must 'demonstrate [] a link between the various

allegations of knowledge of the patents-in-suit and the allegations that the risks of infringement were either known or were so obvious that they should have been known." *MONEC Holding AG v. Motorola Mobility, Inc.,* 897 F.Supp.2d 225, 236 (D. Del. 2012). (internal quotation marks omitted). Avenue's allegations relating to "willful infringement" are as follows:

> 27.    On information and belief, Telebrands has known of the '189 patent since at least October 9, 2015, when Avenue Innovations filed a patent infringement suit against E. Mishan & Sons Inc. in Civil Action No. 5:15-cv-166-RWS-CMC in this Court. Shortly thereafter, a Telebrands lawyer contacted the undersigned counsel seeking a license to the '189 patent.
>
> ***
>
> 32.    Telebrands' direct infringement is willful.
>
> 33.  Based on Telebrands' knowledge of the '189 patent, it has acted despite an objectively high likelihood that its actions constituted infringement of a valid patent, and it knew or should have known of that objectively high risk.
>
> ***
>
> 41.    Telebrands' induced infringement is willful.
>
> 42.    Based on Telebrands' knowledge of the '189 patent, Telebrands has acted despite an objectively high likelihood that its actions constituted infringement of a valid patent, and it knew or should have known of that objectively high risk.

(Dkt. No. 1, ¶¶ **27,** 32-33, 41-42).

These allegations are wholly insufficient because they fail to include any facts that would support an inference of "objective recklessness" and fail to "demonstrate [] a link between the various allegations of knowledge of the patents-in-suit and the allegations that the risks of infringement were either known or so obvious that they should have been known." *MONEC,* 897 F.Supp.2d at 236.    Instead, Avenue claims that Telebrands "knew or should have known" of the risk when Telebrands became aware of the '189 Patent.  Avenue's reliance on Telebrands' knowledge of the '189 Patent to support allegations linking pre-suit knowledge of the '189 Patent to an objectively high risk that it was valid and infringed is insufficient.  The alleged

communication between Telebrands' attorney and the undersigned counsel does not establish anything other than an inquiry to gauge Avenue's interest in licensing the patent-in-suit.  Indeed, mere knowledge of the '189 Patent does not support any inference of a reckless disregard.  *U.S. Ethernet Innov.*, 2013 WL 8482270, at *5 (granting Defendant's motion to dismiss the willful infringement claims because "[Plaintiff's] allegation is devoid of any facts that create an inference of [Defendant's] objective recklessness; it only make the conclusory assertion that [Defendant] has knowledge of the asserted patent[] and continued to infringe."); *see also Aeritas, LLC v. Alaska Air Group, Inc.,* 893 F.Supp.2d 680, 685 (D.Del. 2012) ("the burden to prove willful infringement includes more than mere knowledge of the patent."); *Duhn Oil Tool, Inc. v. Cooper Cameron Corp.,* 609 F.Supp.2d 1090, 1094 (E.D. Cal. 2009) ("'Willful infringement is not established by the simple fact of infringement,' even where the accused has knowledge of the patents.") (quoting *Eastman Kodak Co. v. Agfa-Gevaert N.V.,* 560 F.Supp.2d 227, 302 (W.D.N.Y. 2008)).  Moreover, notice in the form of a lawsuit is insufficient to prove willfulness.  *See Seagate*, 497 F.3d 1374 ("a willfulness claim asserted in the original complaint must necessarily be grounded exclusively in the accused infringer's pre-filing conduct.").

Accordingly, because Avenue alleges no facts that would allow the Court to draw a plausible inference that Telebrands acted with the requisite intent or recklessness to support a claim of willfulness, the Court should dismiss Avenue's claim of willful infringement.

## IV.    CERTAIN PARAGRAPHS OF THE COMPLAINT SHOULD BE STRICKEN FOR RECITING IMPERTINENT, IMMATERIAL AND SCANDALOUS MATTER, PURSUANT TO RULE 12(F), FED. R. CIV. P.

Telebrands respectfully requests that this Court strike paragraphs 11-21 from Avenue's Complaint (Dkt. No. 1) pursuant to Fed. R. Civ. P. 12(f) for including impertinent, immaterial and scandalous matter.

On October 29, 2015, Avenue filed this Action against Telebrands.   In addition to
alleging counts of patent infringement, Avenue set forth the following allegations:

11.     Telebrands' business strategy to usurp others' intellectual property rights
has been prevalent for years. It waits for an entrepreneur to develop a new product,
invest millions of dollars in research and development, product refinements, and
related media spending to generate initial consumer awareness and create product
demand. Once an original product establishes market success, Telebrands
develops a low-quality, cheaply-priced, knock-off product that is identical in
design and function. It then intentionally mimics the creative marketing campaign
with the original product's look and feel, thereby converting the original product's
identity, advertising campaign, brand, goodwill, consumer awareness, and
ultimately the same market share. This creates consumer confusion, resulting in
consumers purchasing Telebrands' low quality products, leaving consumers
frustrated, and causing irreparable damage to the original, successful product's
brand and company.

12.     Ajit Khubani is the Chief Executive Officer and founder of Telebrands,
who has been nicknamed the "Knock-Off King" in the television infomercial
industry. *See* Exhibit C, Ronald Grover, *Infomercial King AJ Khubani And His
Telebrands Empire Are Courting Inventors*, INVENTORS DIGEST, Feb. 2010, at
24.

13.     In addition, Peter Bieler, the person responsible for successfully marketing
the ThighMaster, stated: "I was more than familiar with A. J. Khubani. He was a
legend in his own time, a knock-off artist par excellence. He had a reputation in
the [infomercial] business as someone who'd kill your direct response campaign
by selling his copies to the retailers, who'd sell them for half the price. Your
phones stopped ringing." *See* Exhibit D, Bieler, Peter & Costas, Suzanne, THIS
BUSINESS HAS LEGS 137 (1996).

14.     Further, Remy Stern wrote: "Khubani's greatest distinction . . . is that in
[the infomercial] industry where almost every new product is a rehash of a
previous product and there are precious few true inventions, he has carved out a
reputation as one of the most shameless copycats in the business . . . . Creating
cheaper versions of other people's products has since become firmly embedded in
Telebrands' business plan." See Exhibit E, Stern, Remy, BUT WAIT …
THERE'S MORE! 90 (2009).

15.     Telebrands is no stranger to litigation, including federal and state
investigations and actions arising from Telebrands' unfair competition and
consumer fraud. Public records indicate that since 1983, Telebrands has been sued
more than fifty (50) times for infringement of intellectual property rights.

16.     In fact, on June 9, 2015, Tinnus Enterprises LLC and ZURU Ltd. sued Telebrands and two of Telebrands' business partners for patent infringement in Civil Action No. 6:15-cv-551-RWS-JDL in this Court.

17.     Magistrate Judge Love in Civil Action No. 6:15-cv-551-RWS-JDL (Dkt. No. 66) recently recommended that a preliminary injunction be granted against Telebrands for its severe, irreparable, and willful infringement of the plaintiffs' patent to a "System And Method For Filling Containers With Fluids," U.S. Patent No. 9,051,066, covering plaintiffs' "Bunch O Balloons" product in that case. See Exhibit F.

18.     In December 2008, the U.S. Federal Trade Commission has compelled Telebrands to pay seven million dollars ($7,000,000) and enter into a stipulated judgment for its deceptive advertising related to another of Telebrands' products. See http://www.ftc.gov/opa/2009/01/telebrands.shtm (last visited Oct. 29, 2015).

19.     Telebrands has been sued for violating consumer protection laws, the latest being a suit by the New Jersey Attorney General and the New Jersey State Division of Consumer Affairs initiated in August 2014. The damages the State of New Jersey seeks against Telebrands are sizable, including (but not limited to) $20,000 per violation of the New Jersey Consumer Fraud Act under N.J. Stat. § 56:8-13, which the state alleges are "numerous."

20.     Additionally, on information and belief, as recently as 2000 and 1996 Telebrands has declared bankruptcy to escape its debts arising from at least two lawsuits, including one for patent infringement.

21.     This lawsuit is, unfortunately (but perhaps not surprisingly), remarkably similar to the scores of lawsuits that have been filed against Telebrands repeatedly, by many legitimate businesses, year after year.

These allegations have nothing to do with the facts of this case or any of Avenue's alleged claims against Telebrands and will have no possible bearing on the outcome of this litigation. Rather, Avenue is improperly using the pleadings to smear Telebrands' name.  Accordingly, this Court should strike paragraphs 11-21 from Avenue's Complaint.

Federal Rules of Civil Procedure 12(f) provides "[t]he court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter."  "The purpose of a motion to strike is to simplify the pleading and save time and expense by excising from the pleading any redundant, immaterial, impertinent, or scandalous matter which will not have any possible

bearing on the outcome of the litigation.  *Disability Rights New Jersey, Inc. v. Velez*, No. 10-3950 (DRD), 2011 WL 4436550, at *2 (D.N.J. Sept. 23, 2011) (internal quotations omitted).  Indeed, "unfounded and baseless allegations have no place in the complaint."  *Margetis v. Furguson*, No. 4:15-cv-753-RAS, 2014 WL 174667, at *2 (E.D. Tex. Jan. 10, 2014).

Matter is immaterial if it has no essential or important relationship to the claim for relief, or if it is a statement of unnecessary particulars in connection with and description of that which is material.  Charles A. Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1382 (3d ed. 1990) ("Wright & Miller").  Impertinent material is that which does not pertain, and is not necessary, to the issues in question.  *Id*.  Thus, matter is immaterial and/or impertinent if proof concerning it could not be received at trial.  *Id; see also Conklin v. Anthou*, No. 1:10-cv-02501, 2011 WL 1303299, at *1 (M.D. Pa. Apr. 5, 2011) ("In deciding whether to grant a Rule 12(f) motion on the ground that the matter is impertinent or immaterial, it is settled that the motion will be denied, unless it can be shown that no evidence in support of the allegation would be admissible") (internal quotations omitted).  "A pleading or portion thereof qualifies as 'scandalous' for the purpose of Rule 12(f) when it 'generally refers to any allegation that unnecessarily reflects on the moral character of an individual or states anything in repulsive language that detracts from the dignity of the court.'"  *Margetis*, 2014 WL 174667, at *2. (internal citations omitted).

Courts have used their broad discretion to strike allegations made in pleadings that constitute immaterial, impertinent or scandalous matter.  *Anderson v. Davis Polk & Wardell LLP*, 850 F. Supp. 2d 392, 417 (S.D.N.Y. 2012) (striking allegations made that were "wholly irrelevant to any of [Plaintiff's] claims, a fact that is clear from the manner in which plaintiff introduces these claims as taunting asides" and those that were "all so tangential to plaintiff's

claims . . . that evidence supporting them would not be admissible"); *Conklin*, 2011 WL 1303299, at *1 (granting motion to strike four paragraphs of a complaint where the Court found the allegations "improperly cast a derogatory light," and consisted "of statements that do not pertain, and are not necessary to, the issues in question."); *Radasci v. The Borough of Brentwood*, No. 07-00483, 2007 WL 2463397, at *1 (W.D. Pa. Aug. 28, 2007) (striking a paragraph in the complaint that accused the president of defendant organization of being charged with fraud and having a prior criminal record of fraud, finding the "information constitutes scandalous as well as immaterial and impertinent matter in that the information in [the paragraph of the complaint] is entirely irrelevant to any of Plaintiff's claims" and that "such inflammatory and opprobrious matter may result in prejudice to the Defendant in that [the paragraph of the complaint] directly attacks the president of the [Defendant organization].").

Each of paragraphs 11-21 contain immaterial, impertinent and scandalous matter that should be struck from the pleadings.  Indeed, paragraphs 12-15, 19 and 20 were blatantly copied from another, unrelated action pending before this Court.[2]  Moreover, paragraph 11 contains unfounded allegations relating to Telebrands' purported business practices and the quality of Telebrands' unidentified products.  These factual allegations only serve the purpose of casting a derogatory light on Telebrands, as they do not, in any way, relate to Telebrands' business practices in connection with the accused product.  Furthermore, instead of alleging facts related

---

[2]     Avenue did not verify the accuracy of these copied allegations.  For example, in paragraph 20 of the Complaint, Avenue alleges that Telebrands has filed for bankruptcy in 2000 and 1996.  This allegation is a direct quote from Plaintiff's motion for a preliminary injunction in *Tinnus Enterprises, LLC, et al. v. Telebrands Corp., et al.*, No. 6:15-cv-0551-RWS-JDL (E.D.Tex.) (Dkt. No. 9 at p. 10.)  In opposition to Plaintiffs' motion, Telebrands submitted a Declaration from its Executive Vice President, Mr. Bala Iyer, stating that Telebrands only filed for bankruptcy once in 2000—a fact that could easily have been verified by a bare bones pre-filing investigation including checking the records of the U.S. Bankruptcy Court.

to its claims for relief paragraphs, 15-19 and 21 contain inflammatory allegations related to prior litigations and investigations concerning other products and issues that have no bearing on this case.   Finally, paragraphs 12-14 contain scandalous allegations that solely reflect the moral character of Telerbands' CEO, Mr. Ajit Khubani, and have no relationship to the patent infringement claims in this action.

Telebrands will be prejudiced if Avenue's irrelevant and inflammatory statements remain in the record.   Since this action will be tried to a jury, Telebrands will suffer prejudice if Zuru is able to refer to its Complaint in its present form at trial.   Moreover, as evidenced by Avenue's copying of many of these allegations from another, unrelated Complaint, if these allegations remain on the record, there is a risk of their use in future actions against Telebrands by others. Furthermore, not only do paragraphs 11-21 include irrelevant and disparaging statements directed at Telebrands, but also they include information that would not be admitted as evidence under Fed. R. Evid. 402 and/or 403.   Avenue's statements are highly prejudicial as intending to cast Telebrands in a negative light based on inflammatory allegations unrelated to the present action.   Accordingly, this Court should strike paragraphs 11-21 of the Complaint pursuant to Fed. R. Civ. P. 12(f) for including impertinent, immaterial and scandalous matter.

## V.     CONCLUSION

For all the reasons set forth above, Avenue's Complaint falls short of meeting the requirements under *Twombly* and *Iqbal* for a cognizable cause of action for induced and willful patent infringement and should be dismissed for failure to state a claim under Fed.R.Civ.P. 12(b)(6).   Additionally, paragraphs 11-21 of the Complaint should be stricken pursuant to Fed. R. Civ. P. 12(f) for including impertinent, immaterial and scandalous matter.

19

Dated:  December 23, 2015    LANCE LEE


        By:/s/ Lance Lee_____
         Lance Lee
         Texas Bar No. 24004762
         5511 Plaza Dr
         Texarkana, TX  75503
         Tel: (903) 223-0276

         Attorneys for Defendant
         Telebrands Corporation


Robert T. Maldonado (admitted *pro hac vice)*
Rmaldonado@cooperdunham.com
Tonia A. Sayour (admitted *pro hac vice*)
tsayour@cooperdunham.com
Elana B. Araj (admitted *pro hac vice*)
earaj@cooperdunham.com
COOPER & DUNHAM LLP
30 Rockefeller Plaza
New York, New York  10112
Tel: 212-278-0400

## CERTIFICATE OF CONFERENCE

Pursuant to Local Court Rule CV-7(h), Lance Lee, Esq., counsel for Defendants, conferred with Peter J. Corcoran, III, counsel for Plaintiffs, on December 23, 2015. Plaintiffs' counsel opposes the motion.

/s/Lance Lee
Lance Lee


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with notice of the filing of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(a) on December 23, 2015.

/s/Lance Lee
Lance Lee